Michael D. Kimerer #002492
***KIMERER & DERRICK, P.C.***
1313 East Osborn, Suite 100
Phoenix, AZ 85014
Telephone: (602) 279-5900
Facsimile: (602) 264-5566
Mdk@kimerer.com
Attorneys for Defendant, Silvester Ruelas

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| United States Of America,<br><br>Plaintiff,<br><br>vs.<br><br>Silvester Ruelas**,**<br><br>Defendant. | No. 2:17-CR-00317-JTR-1<br><br>**DEFENDANT RUELAS'S OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT**<br><br>(Honorable James A. Teilborg) |

Defendant Silvester Ruelas ("Ruelas"), by and through undersigned counsel, hereby submits his objections to the draft pre-sentence report dated November 14, 2018. These objections are set forth as follows.

## **OBJECTIONS**

### *Identifying Information*

**PSR Page 3**. No objection.

## **PART A. THE OFFENSE**

### *Charge(s) and Conviction(s)*

**PSR ¶ 1-8**. No objection.

### *The Offense Conduct*

**PSR ¶ 9-4**. No objection.

**PSR ¶ 15**. Defendant makes the following clarification to the facts: all funds received from the criminal through the "dark web" went to McCoy who deposited it in the bank. Every deposit was put into accounts by McCoy, who received the funds from drugs sold on the "dark web". Ruelas was not involved in the use of Bitcoin, but was aware that McCoy was using them.

**PSR ¶ 16-29**. No objection.

**PSR ¶ 30**. The defendant makes the following factual clarification: The Acer laptop in the residence was exclusively used by McCoy who loaded into it the necessary software to access the dark net, jewelry, and gold, silver, and platinum bars.

**PSR ¶ 31**. Defendant makes the following clarification: Defendant did not willingly leave his employment, he did have temporary disability leave, and took a leave of absence due to medical issues.

**PSR ¶ 32**. No objection.

*Culpability Assessment*

**PSR ¶ 33**. Defendant objects to the facts provided in this paragraph. Co-defendant McCoy initiated sales through a Dark Net webpage, which he created, designed, set up, authored descriptions of purchasable items, determined pricing of items for sale and facilitated all sale transactions. McCoy deposited profits into various bank accounts. The Dark Net sales transactions were fully controlled by McCoy. Ruelas denies the allegation of the existence of a Mexican Drug source supplying the products for sale on the Dark Web. On several occasions it was Co-

1 defendant McCoy that would acquire drugs from an unknown source, and would
2 likewise post them on the Dark Web for sale.

**PSR ¶ 34**. Defendant objects to the facts provided in this paragraph. Co-Defendant McCoy did participate in the hands on packaging and shipment of drugs to fulfill orders received through his Dark Net webpage.

**PSR ¶ 35**. No objection.

**PSR ¶ 36**. No objection.

**PSR ¶ 37**. No objection.

*<u>Victim Impact</u>*

**PSR ¶ 38**. No objection.

*<u>Adjustment for Objection of Justice</u>*

**PSR ¶ 39**. No objection.

*<u>Adjustment for Acceptance of Responsibility</u>*

**PSR ¶ 40**. Defendant objects to the facts in this paragraph only to the extent that *both* McCoy and Ruelas would obtain drugs to fulfill orders. McCoy had been operating the webpage and filling orders, prior to recruiting Ruelas sometime in 2015.

**PSR ¶ 41**. No objection.

*<u>Offense Level Computations</u>*

**PSR ¶ 42-43**. No objection.

**<u>Count Group 1: Money Laundering Conspiracy</u>**

**PSR ¶ 44**. Defendant objects to the guideline calculation of 40 that is based upon a number of increases to the guideline calculation. The PSR requests a two-level increase under U.S.S.G. §2D1.1(b)(2) for the possession of a deadly weapon. It is presumed that the PSR intended to cite U.S.S.G. § D1.1(b)(1) rather than (2). In any event, Defendant objects to the increase because he did not use or possess a firearm related to these transactions. The guns found in his home were part of a gun collection he started acquiring before he began trafficking drugs. The PSR also requests a two-level increase because the drugs were distributed through mass-marketing by means of an interactive computer service. Ruelas did not have involvement in the computer sales, he was only involved in filling the orders. Finally, the PSR requests a two-level increase because defendant maintained a premises for the purpose of distributing a controlled substance. The purpose of the premise was not to distribute a controlled substance. In fact, the shop was a working mechanic shop. Defendant asserts that the proper base level should be **34**.

**PSR ¶ 45**. Defendant objects to the two-level increase under §18 USC 1956.

**PSR ¶ 46**. Defendant objects to the two-level increase under §2S1.1(b)(3) because the offense didn't involve sophisticated laundering. The offenses did not use fictitious entities or fake bank accounts. The offenses did involve the use of a legitimate business account where money from the proceeds was placed. The entity involved with the bank account was a legitimate business at one point.

**PSR ¶ 47**. No objection.

**PSR ¶ 48**. Defendant objects to the four-level increase for being an organizer or leader of criminal activity involving more than five people or that was otherwise extensive. Even though Liliana Gomez is a named defendant her

primary job was to assist Ruelas in his legitimate used car businesses. However, she did on several occasions help with several of the mailings. Her involvement was so minimal it results in an unfairly harsh consequence for Ruelas by the addition of four points for organizer or leader of a criminal activity. This is especially true where McCoy was also a leader and was a more dominant force in the criminal enterprise.

**PSR ¶ 49**. No objection.

**PSR ¶ 50**. Defendant objects to the Adjusted Offense Level of 48. This objection is based upon his objection to the increases in Paragraphs 44, 45, 46, and 48. Defendant believes the proper Adjusted Offense Level should be **34**.

**PSR ¶ 51-53**. No objection.

**PSR ¶ 54**. Defendant objects to the Total Offense Level of 43. This objection is based on the grounds given in Paragraphs 44, 45, 46, 48, and 50. Defendant believes the proper Total Offense Level should be **31**.

### PART B. THE DEFENDANT'S CRIMINAL HISTORY

*Juvenile Adjudication(s)*

**PSR ¶ 55**. No objection.

*Adult Criminal Conviction(s)*

**PSR ¶ 56**. No objection.

*Criminal History Computation*

**PSR ¶ 57-58**. No objection.

*Other Criminal Conduct*

**PSR ¶ 59**. No objection.

*Pending Charges*

**PSR ¶ 60**. No objection.

*Other Arrests*

**PSR ¶ 61**. No objection.

*Summary of Immigration History*

**PSR ¶ 62**. No objection.

**PART C. OFFENDER CHARACTERISTICS**

**PSR ¶ 62**. No objection.

*Personal and Family Data*

**PSR ¶ 64-68**. No objection.

*Physical Condition*

**PSR ¶ 69-70**. No objection.

*Mental and Emotional Health*

**PSR ¶ 71**. No objection.

*Substance Abuse*

**PSR ¶ 72-73**. No objection.

*Educational, Vocational, and Special Skills*

**PSR ¶ 74-76**. No objection.

*Employment Record*

**PSR ¶ 77**. No objection.

**PSR ¶ 78**. No objection.

**PSR ¶ 79**. No objection.

*Financial Condition: Ability to Pay*

**PSR ¶ 80**. No objection.

**PSR ¶ 81-83**. No objection.

## PART D. SENTENCING OPTIONS

*Custody*

**PSR ¶ 84**. No objection.

**PSR ¶ 85**. Defendant objects to the Total Offense Level of 43, but agrees with the Criminal History of I. Based upon the calculations by Defendant of a Total Offense Level of 31, the guideline imprisonment range is 108-135 months.

*Supervised Release*

**PSR ¶ 86-88**. No objection.

*Probation*

**PSR ¶ 89-91**. No objection.

*Fines*

**PSR ¶ 92-95**. No objection to the statutory authority. Defendant is requesting no fine be imposed in this matter.

*Restitution*

**PSR ¶ 96-97**. No objection.

*Denial of Federal Benefits*

**PSR ¶ 98-99**. No objection.

*Impact of Plea Agreement*

**PSR ¶ 100**. Defendant objects to the Total Offense Level of 43, but agrees he falls within Criminal History Category I. Defendant asserts the Total Offense Level is 31.

**PSR ¶ 101-102**. No objection.

## PART E. FACTORS THAT MAY WARRANT DEPARTURE

**PSR ¶ 103**. The Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act (or "First Step Act") signed into law by President Donald Trump on December 21, 2018, may have some application to this case. There are insufficient details out on the First Step Act to say specifically what, if any, impact it will have on this case. The bill was intended to ease mandatory minimum sentences under federal law and would expand the safety value. It would also have an impact on good time credits.

## PART F. FACTORS THAT MAY WARRANT A SENTENCE OUTSIDE OF THE ADVISORY GUIDELINES SYSTEM

**PSR ¶ 104**. No objection. Mr. Ruelas will provide the Court with a Sentencing Memorandum and recommendation addressing the 3553 factors that exist that warrant a sentence outside of the advisory guidelines system.

Respectfully submitted this 28th day of January, 2019.

KIMERER & DERRICK, P.C.

/s/ Michael D. Kimerer
Michael D. Kimerer
Attorneys for Defendant, Silvester Ruelas

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of January, 2019, I electronically transmitted Defendant Ruelas's Objections to Presentence Recommendation Report to the Clerk by filing with the CM/ECF system and understand a copy of the filing will be emailed to the following CM/ECF registrants:

Jon P. Spano
U.S. Federal Probation Officer

By: /s/ Melissa M. Wallingsford