ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

MATTHEW BINFORD
Arizona State Bar No. 029019
CAROLINA ESCALANTE
Arizona State Bar No. 026233
Assistant U.S. Attorneys
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Email: Matthew.Binford@usdoj.gov
Email: Fernanda.Escalante.Konti@usdoj.gov
Telephone: 602-514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-17-317-1-PHX-JAT |
| Plaintiff, | **OBJECTION TO DRAFT PRESENTENCE INVESTIGATION REPORT** |
| vs. | |
| Silvester Ruelas, | |
| Defendant. | |

The United States objects to the drug weight calculations contained in paragraph 44 of the Draft Presentence Report ("Draft PSR") (Doc. 157.). Specifically, the United States objects to the calculations related to methamphetamine. As explained below, the methamphetamine drug weights should be based on the levels stated for "Ice" and not for "Methamphetamine."

//

//

**I. THE LAB RESULTS, ADVERTISEMENTS, AND ONLINE REVIEWS SUPPORT A CALCULATION USING "ICE."**

In this case, every time methamphetamine was seized—whether it was during the execution of a search warrant, during the search of a seized parcel, or obtained during undercover purchases—the methamphetamine was at least 94% pure d-Methamphetamine Hydrochloride, well above the 80% threshold required for "Ice." *See* U.S.S.G. § 2D1.1(c), note (C) ("Ice, for the purposes of this guideline, means a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity.") Here, the laboratory tests showed purity levels of 100%, 100%, 100%, 99%, 99%, 99%, 99%, 99%, 98%, and 94% for the methamphetamine that was recovered in this case. *See* Exhibit A. Furthermore, in addition to the laboratory tests showing an average purity level of 98.7% for all samples, the online reviews for the methamphetamine sold by the Iceman21 drug trafficking organization stated things like "Dude is not lying, this is some pure fucking dextro. indeed this VERY GOOD GEAR!" "could be a ph thing, but still its indicating something that this dudes shit has the d-high he promised with the smoothest IV exp i have had on the Dweb so far with crystal," "These shards are the real fucking deal folks, some of the best I've ever had!!! (and trust me, I've tried all the main ice vendors, and then some!)," and "it might not be the cheapest, but if you IV your vain will feel the literal diff, or the lack of any bs burn like cheaper and more cut meth on the Dweb has compared to icemans goodness!" *See* Exhibit B, at 6–10. The organization's own advertisements listed the product as "Icemans Signature *D-methamphetamine*," and stated, "This is so fucking good. My *ice* will out perform any others currently for the price. Im going to put my rep out there and say *this is d-methamphetamine for sure*. Mexican cooks finally got their shit together and gave me what we all need." *See* Exhibit B, at 2–3 (emphasis added).

All of the seized methamphetamine tested nearly pure and well above the 80% threshold, it was advertised online as "Ice" and "d-Methamphetamine" consistent with the language in the sentencing guidelines, and the reviews from customers confirmed the purity. Thus, the facts of the case support a calculation using "Ice" and the Draft PSR should be amended to reflect the proper calculation.

## II. THE PLEA AGREEMENTS INCLUDED STIPULATIONS FOR A CALCULATION BASED ON "ICE."

In addition to the laboratory results, advertisements, and online comments, the plea agreements also anticipate using "Ice" for drug weight calculation purposes. If the methamphetamine distributed in this case was properly identified as "Ice" for converted drug weight purposes, the weight would be 64,257.252 kilograms.[1] The converted drug weight for all the trafficked drugs (methamphetamine, heroin, cocaine, and LSD) would then be 71,177.472 kilograms. This amount is consistent with the amount agreed upon by the parties in the plea agreements, which was a stipulation in each plea agreement to a drug quantity of 30,000 – 90,000 kilograms. *See* Doc. 132, at 3 (Ruelas Plea Agreement); Doc. 141, at 3 (Worrell Plea Agreement); Doc. 147, at 3 (McCoy Plea Agreement).

## III. CONCLUSION

The facts of this case establish that the drug trafficking organization was distributing nearly-pure d-Methamphetamine Hydrochloride, which is defined as "Ice" in the Sentencing Guidelines. Additionally, the plea agreements stipulate to a drug quantity that is consistent with a calculation using "Ice" to determine the offense level for the conspiracy. As such, paragraph 44 of the Draft PSR should use "Ice" instead of "methamphetamine" for the purposes of calculating the Base Offense Level.

Respectfully submitted this 28th day of January, 2019.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*s/Matthew Binford*
MATTHEW BINFORD
CAROLINA ESCALANTE
Assistant U.S. Attorneys

---

[1] The Draft PSR lists 3,134.697 grams of "methamphetamine" and 78.1656 grams of "methamphetamine (actual)." (Doc. 157, ¶ 44.) The total of these two weights is 3,212.8626 grams. The drug weight equivalency for "Ice" is 20 kilograms per gram of "Ice." U.S.S.G. § 2D1.1, Cmt. Note 8(D). 3,212.8626 grams of "Ice" multiplied by 20 kilograms amounts to 64,257.252 kilograms.

- 3 -

| | |
|---|---|
| 1 | |
| 2 | **CERTIFICATE OF SERVICE** |
| 3 | I hereby certify that on January 28, 2019, I used the CM/ECF system to |
| 4 | electronically transmit the attached document to the Clerk's Office and the following |
| 5 | CM/ECF registrants: |
| 6 | |
| 7 | Michael D. Kimerer<br>*Attorney for Silvester Ruelas* |
| 8 | |
| 9 | *s/M. Binford*<br>U.S. Attorney's Office |