**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-17-00317-001-PHX-JAT |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Silvester Ruelas, | |
| Defendant. | |

Pending before the Court is Defendant Silvester Ruelas's Motion for Compassionate Release (the "Motion") (Doc. 277), the Government's Response ("Response") (Doc. 290) and Supplemental Response ("Supplemental Response") (Doc. 291), and Defendant's Reply ("Reply") (Doc. 292). The motion has been fully briefed and the Court concludes that oral argument will not aid in its decision.[1] For the following reasons, the Motion is DENIED.

**I.    BACKGROUND**

On September 25, 2018, Defendant Ruelas pleaded guilty to one count of conspiracy to possess with the intent to distribute cocaine, heroin, and methamphetamine, and one count of money laundering. (Doc. 290 at 2). On February 20, 2019, this Court sentenced Defendant to 240 months in the custody of the Bureau of Prisons ("BOP") with credit for time served, and 60 months on supervised release. (Doc. 192 at 1). Defendant is housed at Federal Correctional Institution-La Tuna ("FCI La Tuna"), and his projected release date

---

[1] Defendant's request for oral argument is therefore denied. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

is March 24, 2034. (Doc. 277 at 3–4). Defendant has served nearly 20% of his full sentence. (Doc. 290 at 4).

Sometime before May 13, 2020, while housed at FCI La Tuna, Defendant made a written request to the warden for a Reduction in Sentence ("RIS") based on concerns about COVID-19 in which he asked for compassionate release.[2] (Doc. 277 at 6). On May 13, 2020, the warden of FCI Lat Tuna denied Defendant's request for compassionate release. (Doc. 277-1 at 5). Defendant received the denial on May 27, 2020, and subsequently filed an appeal. (Doc. 277 at 6). Confirmation of the receipt of that appeal was issued on July 15, 2020, and no further action appears to have been taken on the appeal. (Doc. 277-1 at 8).

Defendant filed the present Motion on August 16, 2020. (Doc. 277). The Government filed its Response on August 31, 2020. (Doc. 290). The Government additionally filed a Supplemental Response on September 2, 2020. (Doc. 291). Defendant filed his reply on September 15, 2020. (Doc. 292).

## II. LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Compassionate release is an exception to the general rule that allows a court to reduce a term of imprisonment if a defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1). "Section 3582(c) previously provided for compassionate release only upon motion of the BOP Director." *United States v. Partida*, No. CR 17-08260-001-PCT-DGC, 2020 WL 3050705, at *1 (D. Ariz. June 8, 2020). Now, after the enactment of the First Step Act of 2018, a defendant may bring such a motion for compassionate release under § 3582(c) after first exhausting all administrative rights with the BOP. *See id.* at *2; *United States v. Johns*, No. CR 91-392-TUC-CKJ, 2019 WL 2646663, at *1–2 (D. Ariz. June 27, 2019).

---

[2] The exact date of Defendant's request for RIS is unknown as Defendant did not receive a copy of his request. (*See* Doc. 277 at 6). However, because the response to Defendant's request was dated May 13, 2020, Defendant's request must have been submitted before that date. (*See* Doc. 277-1 at 5).

- 2 -

Next, for a court to grant compassionate release it must find "that (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The "extraordinary and compelling reasons" are provided by U.S.S.G. § 1B1.13 and include (1) a medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, or (4) other reasons as determined by the Director of the BOP. *See* U.S.S.G. § 1B1.13 n.1; *see also Johns*, 2019 WL 2646663, at *1–2. The Department of Justice has taken the position that "under present circumstances, an inmate's diagnosis with a medical condition that the CDC has identified as a risk factor for COVID-19, and from which the inmate is not expected to recover, presents an 'extraordinary and compelling reason[ ]' that may warrant compassionate release if other criteria are also met." Gov't Reply at 18 n.4 in *Williams v. Wilson*, No. 19A1047, (U.S. June 4, 2020); *see, e.g.*, *United States v. Pabon*, No. CR 17-165-1, 2020 WL 2112265, at *3 (E.D. Pa. May 4, 2020).

Finally, 18 U.S.C. § 3582(c) also requires a court to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable" when analyzing a motion for compassionate release. The § 3553(a) factors include:

> [T]he nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims.

*United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013) (citing 18 U.S.C. § 3553(a)). A court must find both an extraordinary and compelling reason for compassionate release and that the § 3553(a) factors warrant compassionate release. *See United States v. Magana-Lopez*, No. CR 11-04200-001-TUC-RCC (JR), 2020 WL 3574604, at *2 (D. Ariz. July 1, 2020) (considering extraordinary and compelling reasons and § 3553(a) factors separately); *United States v. Platt*, No. CR 18-195-WJM, 2020 WL 3839847, at *3 (D.

Colo. July 8, 2020) (same). Thus, "compassionate release 'due to a medical condition' is generally treated as 'an extraordinary and rare event.'" *United States v. Hearron*, No. CR 91-392-2-TUC-CKJ, 2020 WL 4569556, at *5 (D. Ariz. Aug. 7, 2020) (quoting *White v. United States*, 378 F.Supp.3d 784, 787 (W.D. Mo. 2019)).

## III. ANALYSIS

Both Defendant and the Government agree that Defendant has exhausted his administrative rights. (Doc. 277 at 6; Doc. 290 at 5). The parties also agree that, considering the COVID-19 pandemic, Defendant's diagnosis of type two diabetes and obesity constitute an extraordinary and compelling reason warranting release under 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.13. (Doc. 277 at 6–13; Doc. 291 at 1). Thus, the Court will only analyze the § 3553(a) factors as they apply to Defendant.

Having considered the applicable § 3553(a) factors, the Court finds that converting approximately 16.5 years of a 20-year sentence to home confinement would not "reflect the seriousness of the offense, . . . promote respect for the law, [or] provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A); would not "afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B); and would provide an "unwarranted sentence disparit[y] [as compared to] defendants with similar records who have been found guilty of similar conduct," *id.* § 3553(a)(6).

The drug trafficking organization ("DTO") that Defendant helped lead was well organized and complex. (*See* Doc. 267 at 28). It used the U.S. Postal Service to ship drugs throughout the United States. (*See* Doc. 290 at 2). As the Court noted at sentencing, Defendant's DTO distributed drugs that have devastating effects on the people and communities they reach. (*See* Doc. 267 at 28–29). Thus, the seriousness of the offense should not be understated.[3] While a sentence of 20 years in prison reflects the serious nature of Defendant's crimes, the Court finds that a sentence reduction to 3.5 years in prison, even with home confinement to follow, does not. *See Platt*, 2020 WL 3839847, at *3 (holding that reducing a 96-month sentence for a drug trafficking crime to 26 months would not

---

[3] In fact, the Sentencing Guideline range for Defendant's crimes was life imprisonment. (Doc. 187 at 18).

"reflect the seriousness of the offense."); *United States v. Rice*, No. CR 12-818-PJH, 2020 WL 3402274, at *3 (N.D. Cal. June 19, 2020) (holding that reducing a 186-month custodial sentence by 68 months would not, among other things, reflect the seriousness of the offense); *see also Magana-Lopez*, 2020 WL 3574604, at *2 (holding that serving less than half of a 15-year prison sentence would not serve the purposes of sentencing for a drug-related crime).

Nor would a 3.5-year term of imprisonment afford adequate deterrence. As the Court noted at sentencing, "if the sentence doesn't fit the crime, then the[re is] temptation for others to get involved in this very lucrative business . . . ." (*Id.* at 29). Defendant himself asserts that he became a leader of the DTO "in a misguided effort to support his family." (Doc. 277 at 4). The drive to support one's self and family is strong, so the penalty for doing so by distributing illegal drugs must be serious enough to act as a deterrent. Defendant argues that home confinement may provide "greater *general* deterrence" and that "there is no free person who would trade places with someone on years of home confinement." (Doc. 292 at 11). Of course, the similar argument can be made that no person with the option of home confinement would want to trade places with someone who is incarcerated, which shows the significant deterrent effect of imprisonment. Thus, the Court does not believe that a 3.5-year term of imprisonment would afford adequate deterrence for similar criminal conduct.

Additionally, reducing Defendant's term of imprisonment to 3.5 years would provide unwarranted sentence disparity compared to similarly situated defendants. The Court has already sentenced two of Defendant's co-conspirators to ten-year prison terms. (Doc. 290 at 12). For Defendant to serve significantly less time in prison than his co-conspirators when Defendant was a leader of the DTO is unwarranted and inappropriate. The Court has also sentenced to a five-year prison term a co-conspirator that Defendant recruited into the DTO. (*Id.*). As the Government notes, it would certainly be inequitable for Defendant to serve less time in prison than a co-conspirator whom he recruited. (*Id.*). A reduction from 20 years in prison to 3.5 years would also create a disparity compared to

the sentences imposed for similar crimes under the Sentencing Guidelines. *See United States v. Silva*, No. CR 4:17-554-PJH-03, 2020 WL 4039218, at *3 (N.D. Cal. July 17, 2020) (noting the unwarranted disparity that would arise from a reduction of a 57-month prison sentence for drug distribution to 33 months); *United States v. Coria*, No. CR 17-616-PJH, 2020 WL 4441135, at *3 (N.D. Cal. Aug. 3, 2020) (holding that a reduction of an 84-month custodial sentence to 31 months would create an unwarranted sentencing disparity with similarly situated defendants who are also imprisoned during the COVID-19 pandemic).

Defendant argues that several § 3553(a) factors "weigh in favor of release." (Doc. 277 at 14). The Government concedes that, with the nature of Defendant's crime and background, Defendant is not likely a danger to the community and is earnestly committed to rehabilitation. (Doc. 290 at 11–12). Additionally, the possibility of home confinement provides a sentencing alternative to incarceration. *See* 18 U.S.C. § 3553(a)(3). These factors, however, do not outweigh the remainder of the § 3553(a) analysis. As the Court noted at sentencing, "one of the purposes of sentencing is not only to deter [Defendant] from committing this crime or other crimes again, but it is also necessary to deter others." (Doc. 267 at 29). While Defendant would be unlikely to reoffend should he be placed in home confinement, the Court must consider all the § 3553(a) factors when deciding if compassionate release is warranted. In light of the full § 3553(a) analysis, it is not.

Defendant also argues that other courts have not considered the § 3553(a) factors independently when determining if compassionate release is warranted but have "balanced [those factors] against the extraordinary and compelling circumstances that warrant release." (Doc. 292 at 9 (citing *United States v. Delateur*, No. CR 18-5364 BHS, 2020 WL 3989175, at *2 (W.D. Wash. July 1, 2020))). Yet, even during the COVID-19 pandemic, numerous courts in this circuit have analyzed the § 3553(a) factors independently when considering compassionate release. *See Magana-Lopez*, 2020 WL 3574604, at *2 (considering the § 3553(a) factors independently of the extraordinary and compelling circumstances analysis); *Silva*, 2020 WL 4039218, at *3–4 (same); *Rice*, 2020 WL

3402274, at *3 (same); *see also United States v. Esparza*, No. CR 1:16-00122-DAD-BAM, 2020 WL 4805055, at *6 (E.D. Cal. Aug. 18, 2020) (noting that the court would need to find that the § 3553(a) factors supported release even if extraordinary and compelling reasons were found). Additionally, courts in the Ninth Circuit have found that extraordinary and compelling reasons for compassionate release exist but have denied such release based on the § 3553(a) factors. *See United States v. Chavez-Zarate*, No. CR 1:98-05149-NONE, 2020 WL 5095936, at *11 (E.D. Cal. Aug. 28, 2020) (denying compassionate release based on § 3553(a) factors in spite of finding extraordinary and compelling reasons for release); *United States v. Gean*, No. CR 1:17-00179-DAD-BAM, 2020 WL 5366301, at *9 (E.D. Cal. Sept. 8, 2020) (same); *United States v. Matthaei*, No. CR 1:19-00243-BLW, 2020 WL 3268273, at *2 (D. Idaho June 16, 2020) (same).

Even if considered on balance with Defendant's extraordinary and compelling reasons for release, the Court finds that release would be so inconsistent with the § 3553(a) factors noted above that compassionate release is not warranted at this time. Thus, although Defendant has demonstrated extraordinary and compelling reasons based on his diagnosis of type two diabetes and obesity, the Court concludes that the Motion should not be granted.

**IV. CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion for Compassionate Release (Doc. 277) is DENIED.

Dated this 22nd day of September, 2020.

James A. Teilborg
Senior United States District Judge