**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-00317-001-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Silvester Ruelas, | |
| Defendant. | |

Pending before the Court is Defendant Silvester Ruelas's Renewed Motion for Compassionate Release (the "Motion") (Doc. 331), the Government's Response and Motion to Deny Compassionate Release Request Without Prejudice (Doc. 332), Defendant's Supplemental Motion (Doc. 333), and Defendant's Reply ("Reply") (Doc. 334). The Court now rules.

Defendant pleaded guilty to one count of conspiracy to possess with the intent to distribute cocaine, heroin, and methamphetamine, and one count of money laundering. (Doc. 290 at 2). On February 20, 2019, this Court sentenced Defendant to 240 months in the custody of the Bureau of Prisons ("BOP") with credit for time served and 60 months on supervised release. (Doc. 192 at 1). Defendant is incarcerated at Federal Correctional Institution-La Tuna, and his projected release date is March 24, 2034. (Doc. 277 at 3–4). Defendant has served more than 25% of his full sentence. (Doc. 290 at 4).

Defendant previously requested compassionate release based on COVID-19 related concerns. (Doc. 277). The Court denied this motion, finding that his release would be

inconsistent with factors of 18 U.S.C. § 3553 (a). (Doc. 297 at 7).

Defendant has now filed a Renewed Motion for Compassionate Release, arguing that extraordinary and compelling reasons justify his release from incarceration. (Doc. 331 at 2); *see* 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes the Motion and has filed its own Motion to Deny Compassionate Release. (Doc. 332). The Government argues that Defendant failed to exhaust his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). (Doc. 332 at 1).

18 U.S.C § 3582(c)(1)(A) stipulates that a defendant may bring a motion for compassionate release after he has completely "exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." *United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2020 WL 1929200, at *2 (D. Ariz. Apr. 21, 2020). The "language of § 3582 contains no signal that administrative exhaustion or the passage of at least 30 days is optional." *Id.*; *see also United States v. Alvarez Espinoza*, No. CR-08-00611-02-PHX-DGC, 2020 WL 3200344, at *2 (D. Ariz. June 15, 2020) (citing Ninth Circuit court cases concluding that § 3582's exhaustion requirement is "mandatory and cannot be waived by the Court"). Further, unless a defendant has met this exhaustion requirement, the Court cannot consider his motion for compassionate release. *United States v. Moore*, No. CR-16-01202-008-PHX-DJH, 2021 WL 1056445, at *2 (D. Ariz. Mar. 18, 2021).

Here, Defendant has failed to demonstrate that he exhausted his administrative remedies. Defendant filed his Motion for Compassionate Release on March 1, 2022. Defendant's Reply indicates that he petitioned the warden for compassionate release on March 14, 2022. (Doc. 334 at 5). Defendant did not comply with 18 U.S.C § 3582(c)(1)(A) because he filed his Motion before he petitioned the warden at his prison. Additionally, Defendant has not shown whether the warden responded to his petition. Once Defendant has exhausted his administrative remedies, he may file a new motion for compassionate release.

Because of the foregoing,

**IT IS ORDERED** that the Government's Motion to Deny Compassionate Release Without Prejudice is **GRANTED**, and Defendant's Renewed Motion for Compassionate Release (Doc. 331) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant's Supplemental Motion (Doc. 333) is **DENIED** without prejudice.

Dated this 17th day of June, 2022.

James A. Teilborg
Senior United States District Judge