Silvester Ruelas
BOP Register No. 72265-408
Satellite Prison Camp Atwater
P.O. Box 019001
Atwater, California 95301



✓
___ FILED      ___ LODGED
___ RECEIVED   ___ COPY

JAN 0 8 2024

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

United States of America,

     Plaintiff,

vs.

Silvester Ruelas,

     Defendant.

Case Number: CR-17-317-PHX-JAT-1

**Request for Expedited**
Renewed Motion to Reduce Sentence
Under 18 U.S.C. §3582 (c)(1)(A)(i)
(Compassionate Release)

## I.  LIBERAL CONSTRUCT:

SILVESTER RUELAS ("Defendant" or "Ruelas" is coming before the court *pro se* and is not a lawyer, nor has any formal training in law, and that the court liberally construe[1] this request for a Reduction In Sentence. **And Defendant Request for the Court to Appoint Counsel, in the Interest of Justice.**

---

[1] *See, United States v. Lopez*, No. 97-01117 ACK-2, LEXIS 200076 (District of Hawaii, October 27, 2020). "Because *Lopez* is *Pro se*, the Court construes his motion liberally. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *see also United States v. Seesing*, 234 F .3d 456, 462 (9th Cir. 2000) ("*Pro se* complaints and motions from prisoners are to be liberally construed." (citations omitted)).

1

## II.   <u>INTRODUCTION:</u>

Defendant moves this Court for a reduction in sentence pursuant to section U.S.C. § 3582 (c)(1)(A)(i) individually and in combination under the catch-all "other reason" provision included in the policy statement for compassionate release.

This is due to a combination of extraordinary and compelling reasons. Defendant seeks compassionate release **or, in the alternative** a reduction in his sentence, and for all other aspects of his sentence to remain in full force and effect. Defendant ask this Court's consideration to *grant in-part* to modify and reduce his term of imprisonment to a modest reduction that this court deems fit for the Defendant—due to the totality of the Defendants extraordinary and compelling reasons.[2]

Defendant presents in this motion for Reduction In Sentence ("RIS") Three circumstances for this court to consider "in combination: and "in tandem" this Request for Compassionate Release.

## A. <u>First Circumstance:</u>

Defendant Medical Conditions have worsened and the BOP is unable to provide for his medical needs. (Defendants Medical reasons are address in his Electronic Request to the Warden of SCP Atwater.)

## B. <u>Second Circumstance:</u>

Harsher Conditions of Confinement. The Court imposed a sentence it found sufficient but not greater than necessary, "not" with the harsher conditions of confinement, with the COVID-19 pandemic in mind—this was not taking into account when Defendant was originally sentenced.

## C. <u>Third Circumstance:</u>

Rehabilitation Efforts & Prison Community Efforts.

## III.   <u>RELEVANT FACTS:</u>

Defendant is currently serving his sentence at the U.S. Bureau of Prisons' ("BOP") Out-Custody, Minimum –Security Level Satellite Prison Camp in Atwater, California ("SCP Atwater"). SCP Atwater is

---

[2] *See e.g., United States v. Samantha Batista*, No. 18-CR-319-LTS-7 (Southern Dist. of New York, June 6, 2022). A Compassionate Release /Reduction In Sentence that was GRANTED *In-part*.

adjacent to the United States Penitentiary ("USP"), which is the Higher Security Level Prison. Defendant is schedule to be transferred to a medical facility due to his medical conditions deterioration and is worsening. *See* Exhibit-A (BOP Computation Data Sheet)

Defendant is Requested for this Court to appoint Counsel to represent him, because he is unable to receive his medical records and all another documents in-order to properly file a complete motion for RIS. Having appointed Counsel would allow the Defendant to sign a waiver giving his Counsel permission to retrieve the BOP Documents he is unable to retrieve to support his motion—and with this Court's Permission, allow for an appointed Counsel to file a Supplement Motion to Defendants Renewed motion he is currently filing.

The BOP is currently in the process in transferring Defendant to another facility. And Defendant is in need to have Counsel help him. Because while the Defendant is in Transited he will no longer have access to any records or documents to file with this Court. Leaving Defendant at a disadvantage. Defendant prays for this Court to allow Counsel.

Defendant has attached a letter written to the Federal Defenders Office in Arizona—dated December 29, 2023. *See* Exhibit-B (Letter to Federal Defenders Office)


## IV.  DEFENDANT HAS EXHAUSTED ADMINISTRATIVE REMEDIES OF § 3582 18 U.S.C. (c)(1)(A)(i) :

On 10/02 /2023 Defendant submitted a request for compassionate release to the Warden of SCP Atwater. *See* Exhibit-C (Electronic Request to Warden). And the BOP has not submitted a motion on the Defendant's behalf. The case is ripe for judicial review because 30 days have lapsed since the initial request and section § 3582 18 U.S.C. (c)(1)(A)(i) now permits the Court to consider this motion. United States v. Richardson, 2020 WL 3402410, at *2 (E.D. Cal June 19, 2020).

And *See* Exhibit-C (Electronic Request to Medical for Medical Records & Medical Request).

## **DEFENDANT'S DECLARATION AND SIGNATURE:**

For the reasons stated in this renewed motion for compassionate release, I move the Court for a Reduction In Sentence under 18 U.S.C. §3582(c)(1)(A)(i). I declare under penalty of perjury that the facts stated in this motion are true and correct.

Respectfully,

Silvester Ruelas

Date: 12-31-23

Silvester Ruelas
BOP Register No. 72265-408
Satellite Prison Camp Atwater
P.O. Box 019001
Atwater, California 95301

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

     Plaintiff,

vs.

Silvester Ruelas,

     Defendant.

Case Number:

**EXHIBITS  A thru C**

Renewed Motion to Reduce Sentence

Under 18 U.S.C. §3582 (c)(1)(A)(i)

(Compassionate Release)

*See* Exhibit-A (BOP Computation Data Sheet)

*See* Exhibit-B (Letter to Federal Defenders Office)

*See* Exhibit-C (Electronic Request to Warden) &  (Electronic Request to Medical for Medical Records &

Medical Request

## *See* Exhibit-A

(BOP Computation Data Sheet)

REGNO..: 72265-408 NAME: RUELAS, SILVESTER


FBI NO...........: P1THWAD57          DATE OF BIRTH: 12-31-1968  AGE:  54
ARS1.............: ATW/A-DES
UNIT.............: 7 SCP               QUARTERS.....: S01-013L
DETAINERS........: NO                  NOTIFICATIONS: NO

FSA ELIGIBILITY STATUS IS: ELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 09-24-2032

FINAL STATUTORY RELEASE FOR INMATE.: 03-24-2034 VIA GCT REL
          WITH APPLIED FSA CREDITS.: 365  DAYS
THE INMATE IS PROJECTED FOR RELEASE: 03-24-2033 VIA FSA REL


---------------------CURRENT JUDGMENT/WARRANT NO: 010 ---------------------

COURT OF JURISDICTION...........: ARIZONA
DOCKET NUMBER...................: CR-17-00317-001-PHX-
JUDGE...........................: TEILBORG
DATE SENTENCED/PROBATION IMPOSED: 02-20-2019
DATE COMMITTED..................: 04-05-2019
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO


              FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.:  $200.00       $00.00        $00.00       $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

-----------------------CURRENT OBLIGATION NO: 010 ---------------------
OFFENSE CODE....:  391     21:846 SEC 841-851 ATTEMPT
OFF/CHG: 21:846,CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE
      CT 1

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   240 MONTHS
 TERM OF SUPERVISION............:    60 MONTHS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CTS 1 & 5 CC
 DATE OF OFFENSE................: 03-09-2017



G0002     MORE PAGES TO FOLLOW . . .

REGNO..: 72265-408 NAME: RUELAS, SILVESTER


-----------------------CURRENT OBLIGATION NO: 020 -------------------------
OFFENSE CODE....:   548     18:1956 RACKETEERING
OFF/CHG: 18:1956(H),MONEY LAUNDERING CONSPIRACY~CT 5

  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   240 MONTHS
  TERM OF SUPERVISION............:    36 MONTHS
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CT 1 & 5 CC
  DATE OF OFFENSE................: 03-09-2017

------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 02-20-2020 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 04-12-2019 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 010 020

DATE COMPUTATION BEGAN..........: 02-20-2019
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:   240 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    20 YEARS
AGGREGATED TERM OF SUPERVISION..:    60 MONTHS
EARLIEST DATE OF OFFENSE........: 03-09-2017

JAIL CREDIT....................:   FROM DATE     THRU DATE
                                   03-09-2017    02-19-2019

REGNO..: 72265-408 NAME: RUELAS, SILVESTER

```
TOTAL PRIOR CREDIT TIME.........: 713
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 1080
TOTAL GCT EARNED................: 324
STATUTORY RELEASE DATE PROJECTED: 03-24-2034
ELDERLY OFFENDER TWO THIRDS DATE: 07-09-2030
EXPIRATION FULL TERM DATE.......: 03-08-2037
TIME SERVED.....................:     6 YEARS     8 MONTHS     27 DAYS
PERCENTAGE OF FULL TERM SERVED..: 33.7
PERCENT OF STATUTORY TERM SERVED: 39.5

PROJECTED SATISFACTION DATE.....: 03-24-2033
PROJECTED SATISFACTION METHOD...: FSA REL
   WITH FSA CREDITS INCLUDED...: 365

REMARKS.......: 02-20-20 GCT UPDATED PURSUANT TO FSA O/BSA.
```

G0000       TRANSACTION SUCCESSFULLY COMPLETED

## *See* Exhibit-B

(Letter to Federal Defenders Office)

**Silvester Ruelas**
BOP Register No. 72265-408
Satellite Federal Prison Camp - Atwater
P.O. Box 019001
Atwater, CA 95301

December 29, 2023

**To:** Director of the Federal Defenders of Arizona

**RE:** §3582 Reduction In Sentence (RIS) / Case No.: CR-17-00317-001-PHX

Dear Director of The Federal Defender of Arizona,

I am reaching out to your office to know if your office would be willing to help me file a RIS Motion? **[or]** if you can be of assistance to acquire me some kind of assigned counsel—regarding my current issues. I don't know what to do and I need help.

Currently the BOP is transferring me to a different Federal Prison Facility due to my medical conditions deterioration and is worsening. Previously I filed a RIS motion in the past. And the Judge said I "**did**" have extraordinary reasons for Compassionate Release ("CR"), but at that time—the remaining time on my sentence was an issue/factor. Several years have passed since my last CR motion was denied. In that CR denial—it also mentioned in the § 3553 factors that I was not a danger to the public.

I am scared in regards of the medical issues and the medical neglect I am receiving from the BOP. The BOP has not been taking care of medical problems. And I have been requesting my medical records for several months and the BOP won't give me a copy of my medical records. I have attached a copy of my request to the Warden or SCP Atwater to help explain my medical issues.

I have not had any write-ups during my entire incarceration and I have programmed well over the years. Also, with the First-step Act Earned Time Credits now being implemented—I am currently eligible for an earlier release date, in which may bring forth some weight of how much time "now" remains on my new current projected release date. (Time remaining was one factor—on why my last compassionate release was denied.)

Thank you for your time and any assistance you can provide. I am hoping you will write back soon!

Respectfully,

Silvester Ruelas

**P.S. Hopefully your office can locate me on the BOP website—as I don't know what BOP facility they are transferring me. I am schedule to leave on the next bus sometime next week.**

Attached are some Federal Cases I received from another inmate in the Prison Education Department/ Legal Library.

He said these Cases may be helpful for me to address and explain some of my Arguments regarding my § 3553 factors.

mother. Instead, the court simply stated that such circumstances could not satisfy the standard, presumably in any case."…

"Because {2022 U.S. App LEXIS 5} the district court simply rejected rehabilitation as a ground for release, it is unclear whether the court was aware of or considered the entirety of *Davis's* evidence."… " Here, *Davis* argues that the district court erred because it did not consider the evidence of his rehabilitation over a near-decade in prison and merely weighed the § 3553 factors in the same way that it did at his original sentencing. Indeed, the district court did not acknowledge the breadth {2022 U.S. App LEXIS 7} of *Davis's* rehabilitation and instead conclusorily noted that it could not outweigh his criminal conduct, his extensive criminal record, his recidivism, and his failure to comply with supervised release."… "However, the district court appeared to rely solely on *Davis's*, past criminal history and did not consider the new and significant "evidence of post-sentencing mitigation that would be relevant to the § 3553(a) factors" when it evaluated his motion. See id. At 397."

## VI.   <mark>3553 FACTORS TO CONSIDER:</mark>

*See Dave Concepcion v. United States*, Case No 20-1650, 2022 U.S. LEXIS 3070 (June 27, 2022). Justice Sonia Sotomayor wrote, "Federal courts historically have exercised broad discretion to consider all relevant information at an initial sentencing hearing, <u>consistent with their responsibility to sentence the whole person before them. That discretion also extends to later proceedings that may modify an original sentence.</u> Such discretion is bounded only when Congress or the Constitution expressly limits the type of information a district court may consider in modifying a sentence."

**a.)   Defendant's has earned First Step Act ("FSA") Earned Time Credits ("ETC") and his release date should be earlier than March 09, 2028**

Defendant was sentenced to a 210-month term and 5 year supervision on April 09, 2014. *See* ~~Exhibit 10~~ (BOP Computation Data Sheet and FSA Time Credit Assessment Sheet). Defendant was committed to the BOP on June 16, 2014 and started earning FSA ETC's from enactment, on December 21, 2018.

Defendant also received a 12-month recommendation for halfway house from the BOP Psychology Department at SCP Atwater for completing the Non-Residential 40-hour Substance Abuse (According to the BOP Psychology Treatment Programs statement P5330.11, section 2.4.8 (b), in-part—"inmates who successfully complete the NRDAP, and meet criteria for RRC placement, should be given consideration



for maximum RRC placement"). ~~See Exhibit-11~~ (Non-Residential 40-hour Substance Abuse Completion Transcript).

### Example of Defendants Projected "Custodial Release Date" :

➢ March 09, 2028 - Statutory Projected Release Date [With Good Time Credits applied].

➢ March 09, 2027 - With BOP Psychology Department 12-Month Recommendation for completing the 40-hour Non-residential RDAP program.

➢ **March 09, 2025** – When FSA ETC's of 24-months is applied. [8]

Defendant is currently serving his sentence at SCP Atwater and is eligible for all FSA ETC towards pre-release custody. ~~See Exhibit-12~~ (Federal Register/Vol. 87, No. 12/Wednesday, January 19, 2022/Rules, Subpart E.—First Step Act Time Credits, BOP Revised FSA Approved Programs Guide, January 2022, BOP Reentry Quarterly April – June 2022, and FSA Auto Calculation Launch). Defendant's FSA Recidivism Risk Assessment PATTERN score is MINIMUM. Defendant is eligible to earn 15 days of credit for every 30 days of programming in Recidivism Based and Productive Activities. *See Cazares v. Hendrix* No. 3:20-cv-02019-AC. LEXIS 240776 (District of Oregon November 9, 2021)(Findings and Recommendations for FSA ETC).

*See e.g., United States v. Alexander Mendoza*, No. 16-cr-00459-SI-1, (N.D. California May 20, 2022) Granting renewed motion for compassionate release, "and that the **§ 3553(a) factors now support** compassionate release…"and he has completed a significant amount of programming since his transfer to Atwater. Further, **Defendant assert – and the government does not dispute – that he would likely receive significant time credits** based in the courses he has completed at Atwater, and thus that his actual release date is likely earlier than November 2026."

### b.) The Court Has the Discretion to Waive Any Threshold Of Time Served

Defendant XXXXXXXX has served approximately 9-years 9-months and out of his 210 month sentence. This is roughly 55% of Full-term and 65% of Statutory-term. Far above what Courts have found permissible to waive.

*See e.g.,* **(1)** *United States v. Prasad*, No. CR 19-71, 2020 WL 2850147 (E.D. La. June 2, 2020)(8.3% Sentence Served); **(2)** *United States v. Locke*, No CR18-0132 RAJ, 2020 WL 3101016 (W.D. Wash. June 11, 2020)(9.7% Sentence Served); **(3)** *United States v. Gonzalez*, No. 18-cr-232, 2020 WL 1536155 (E.D. Wash. Mar 31, 2020)(10% Sentence Served); **(4)** *United States v. Ben-Yhwh*, No. CR 15-

---

[8] Mr. ▮▮▮▮ current projected sentence completion date according to the BOP computation date sheet is March 09, 2028. However, as explained, if and when the BOP properly applies all earned FSA credits through the present, that date should move up substantially.



00830 LEK, 2020 WL 1874125 (D. Haw. Apr. 13, 2020)(13% Sentence Served); **(5)** *United States* v. *Barber*, No. 6:18-CR-00446-AA, 2020 WL 2404679 (D. Or. May 12, 2020)(14% Sentence Served): **(6)** *United States* v. *Foreman*, No 3:19-cr-62 (VAB) 2020 WL 2315908 (D. Conn. May 11, 2020)(17% Sentenced Served); **(7)** *United States* v. *Fowler*, No. 17-CR-00412-VC-1, 2020 WL 3034714 (N.D. Cal. June 6, 2020)(18% Sentenced Served); **(8)** *United States* v. *Pena*, No. 16-CR-10236 (MLW), 2020 WL 2798259 (D. Mass. May 29, 2020)(19% Sentence Served); **(9)** *United States* v. *Delateur*, No. 18-cr-5364, ECF No. 82, 2020 WL 3989174 (W.D. Wash. July 1, 2020)(19% Sentence Served); and **(10)** *United States* v. *Echevarria*, No. 3:17-cr-44 (MPS), 2020 WL 2113604 (D. Conn. May 4, 2020)(19% Sentence Served).

**c.)** **Court(s) Have Granted Compassionate Releases with [t]he Length of the Sentence remaining,** *See e.g.,:*

- *United States v. Teresa M. Martinez*, No. 1:08-cr-00087-DAD-1, (E. District Cal. February, 2, 2021). (The court granted compassionate release to the defendant with longer time remaining on their sentence with serving a bit less than 50% of custodial sentence along with having a prior criminal history (3 prior convictions; "2 Federal & 1 State"). Martinez, had a projected release date of Feb 8, 2031 and had a significantly downward departure; including a disciplinary history in BOP, cited for fighting with another inmate 2019.

- *United States v. Curtis Dale Sanders* No. 2:13-CR-00312-KJM, LEXIS 1241 (Eastern Dist. California January 5, 2021). (Sander's was sentenced August 2012 to 196 months & 36 months of supervision. Sanders was granted compassionate release after serving 97-months of 196-month sentence, or approximately 49 percent of his full term, Sanders projected release date was March 10, 2027, which includes BOP disciplinary history of incidents.

- *United States v. Sheila M. Best* No. 17-20007-JAR-2, LEXIS 105069, (Kansas June 3, 2021)(Best was sentenced Dec. 6, 2019 to 216 months & five years supervision; projected out date Feb. 3, 2033, court granted compassionate release and imposed an additional 60 months of supervised release—for a total term of supervised release of 120 months.)

- *United States v. Karen Ortega*, co-defendant of Shelia Best (above), was sentenced Oct. 6, 2020 to 168-months & five years supervision; projected release date Sept. 6, 2029; defendant's custodial sentence was reduced to time served, her term of supervised release extended to 120 months. Ortega-asserts co-defendants, Sheila Best and Mary Dunkin, have been granted compassionate release with comparably long sentences (216 and 169), a sentence reduction of time served and modification of supervised release to home confinement allowed for her to care for her mother and child.)

- *United States v. Patrick Kiley* No. 11-228 (03) (MJD), LEXIS 90675, (Minnesota May 12, 2021). (Kiley was sentenced July 16, 2013, and had a release date of August 5, 2029.)



- *United states v. Gerald Joseph Durand* No. 11-228(02)(MJD0, LEXIS 27325, (Minnesota Feb. 12, 2021)(Gerald Durand co-defendant of Patrick Kiley (above). Mr. Durand was sentenced on Jan. 3, 2013 to 240 months & 3 years supervision; and had a projected release date of 2029.)

**d.)    BOP's Assessment of Defendant's Likelihood Reoffending:**

The FSA required the Bureau to implement a risk and needs assessment system.[9] Risk refers to the likelihood that each individual inmate will reoffend or recidivate after release, PATTERN calculations identify "who" is most at risk, measured as high, medium, low, or minimum risk of recidivism. A report by the Attorney General finds that inmates who score in the "Low" category have 98.2% chance of not recidivating.[10] Defendant, ▮▮▮▮ scores less than a Low score, and is scored by the BOP at a <u>Minimum</u>.[11] ▮▮▮▮▮▮▮ (BOP FSA PATTERN Score Sheet).

As noted, Defendant has behaved well enough to merit placement within Atwater's Satellite Prison Camp. Federal Prison Camps "have dormitory housing, a relatively low staff-to-inmate ratio, with limited or no perimeter fencing."[12] Such institutions "are work-and program-oriented." The Defendant respectfully submits that the diminishing marginal utility in continuing to confine Defendant in a prison camp insufficiently serves the goals of § 3553(a).

*See also United States v. Bernhart* No. 96-cr-203-WJM, LEXIS 203529 (District of Colorado, Nov. 8, 2022). Granting Defendant's Unopposed Motion To Reduce Sentence. The District Judge Mr. Martinez Opinion said "On July 17, 2020, the Court denied Defendant's motion for compassionate release, observing that Defendant had not yet served half of the sentence he would have received if sentenced today for the same conduct…**However, in that Order, the Court noted that in three years' time, if COVID-19 remained as threating as it was in 2020, then a renewed motion for compassionate release "would enjoy greater equities in its favor under § 3553(a)." (*Id.*)"**

---

[9] See generally Federal Bureau of Prisons, *PATTERN Risk Assessment*, https://www.bop.gov/inmates/fsa/docs/20201221_fsa_section_3634_report.pdf .

[10] U.S. Dep't of Justice Off. Of the Attorney Gen., The Attorney General's First Step Act Section 3634 Annual Report (Dec. 2020), https://www.bop.gov/inmates/fsa/docs/20201221_fsa_section_3634_report.pdf .

[11] PATTERN is a BOP recidivism risk assessment tool. A score of +5 or less is in the "minimum" risk category. *See* https://www.bop.gov/inmates/fsa/docs/fsa_cut_points.pdf?v=1.3 .

[12] https://www.bop.gov/about/facilities/federal_prisons.jsp



# *See* **Exhibit-C**

(Electronic Request to Warden)

&

(Electronic Request to Medical for Medical Records & Medical Request

----------------------------------------------------------------------------------------

FROM: 72265408
TO: Warden
SUBJECT: ***Request to Staff*** RUELAS, SILVESTER, Reg# 72265408, ATW-S-A
DATE: 10/02/2023 08:46:30 PM

To: Warden
Inmate Work Assignment: Unicor

Re: Reduction In Sentence Under 18 U.S.C 3582(c)(1)(a)(i) - (Under the Compassionate Release Program)

Dear Warden,

I am writing to respectfully request that I be considered for a Reduction In Sentence under the Compassionate Release Program, and that you treat this as a formal request. I believe I am a good candidate for a RIS for the following reasons:

(1) Harsher conditions of confinement due to the pandemic, that was not taken into consideration at my original sentencing hearing.

(2) My overall medical conditions have continue to worsened. I am 54 years of age and I have Breathing Issues, Diabetes, Obesity (My BMI is 34+), Limp Notes on my both sides of my Kidneys, Hypertension, High Cholesterol, High Blood Pressure, Pinched Arteries in the center of my chest, Headaches from my concussion, and being higher risk per CDC of COVID-19.

(3) Family Circumstances of being the caregiver for my 82 year-old elderly father whom has a multiple of health issues.

(4) Prison Community Volunteer Efforts

(5) Rehabilitation Efforts

(6) I was sentence prior to the First-step Act and have a disparity in my sentence.

My release plan is live with my family (parents and family) in-order to provide meaningful care for my father of which my mother struggles to provide for as she has her own health issues.

If allowed a Reduction In Sentence, I would be able to provide for my own health insurance.

Based on the information provided, I request a Reduction In Sentence under the Compassionate Release Program.

Respectfully,

Silvester Ruelas
Register No. 72265-408
Atwater Federal Prison Camp

**RESPONSE TO INMATE REQUEST TO STAFF**
**INMATE: Ruelas, Silvester**
**REG. NO: 72265-408**
**UNIT: Camp (S01-013L)**

This is in response to your Inmate Request to the Warden dated October 2, 2023, wherein you are requesting to be considered for early release pursuant to the extraordinary or compelling circumstances element codified in 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g). Specifically, your request is based on medical conditions which you believe put you at a higher risk for COVID-19, being the caregiver for your elderly father, prison community volunteer efforts, your rehabilitation efforts, and disparities in your sentencing.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, <u>Compassionate Release/Reduction in Sentence: Procedures for</u> <u>Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g)</u>, provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence.

The basis of your request does not meet the criteria as outlined above and as such, you are not eligible to be considered for a reduction in sentence.

Accordingly, your RIS request is denied at this time.

If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9).


_____          __10/17/2023__
B. M. Trate, Warden                       Date

FROM: Health Services
TO: 72265408
SUBJECT: RE:***Inmate to Staff Message***
DATE: 09/05/2023 07:47:04 AM

Submit your request for medical records to ATW-InmatetoMedicalRecords

From: ~^! RUELAS, ~^!SILVESTER <72265408@inmatemessage.com>
Sent: Monday, September 4, 2023 8:36 PM
Subject: ***Request to Staff*** RUELAS, SILVESTER, Reg# 72265408, ATW-S-A

To: MEDICAL RECORDS
Inmate Work Assignment: UNICOR

HEALTH RECORDS CAN I GET COPYS,ON MY MEDICAL RECORDS INCLUDING, MY VISIT TO CARDIOLOGY AND
RADIOLOGY FOR THE MONTH OF 7//23 - PRESENT .THANK YOU

--------------------------------------------------------------------------------------------------------

FROM: 72265408
TO: AW - Operations
SUBJECT: ***Request to Staff*** RUELAS, SILVESTER, Reg# 72265408, ATW-S-A
DATE: 09/19/2023 04:45:24 PM

To: MEDICAL RECORDS
Inmate Work Assignment: UNICOR

MR. Allen does not come, to the camp main line. I also will need all my medical records from here at Atwater . Please Thank you
-----AW - Operations on 9/19/2023 4:22 PM wrote:

>
See Mr. Allen at mainline.

---

From: ~^! RUELAS, ~^!SILVESTER <72265408@inmatemessage.com>
Sent: Sunday, September 10, 2023 3:05:15 PM
Subject: ***Request to Staff*** RUELAS, SILVESTER, Reg# 72265408, ATW-S-A

To: MEDICAL RECORDS
Inmate Work Assignment: UNICOR

HELLO MEDICAL RECORDS . ILL LIKE TO HAVE MY NEDICAL RECORDS FROM 9/7/23 ON MY OUT VISIT TO CARDIOLOGY VISIT PLEASE, THANK YOU

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FROM: 72265408
TO: Medical Records
SUBJECT: ***Request to Staff*** RUELAS, SILVESTER, Reg# 72265408, ATW-S-A
DATE: 10/13/2023 09:12:17 PM

To: medical Records
Inmate Work Assignment: unicor

I Have requested My Medical Records At Lease More, Then Twice And I Have Not Gotten the. Please i Like To Get them.
Thank You

FROM: Health Services
TO: 72265408
SUBJECT: RE:***Inmate to Staff Message***
DATE: 10/16/2023 09:07:02 AM

Medication is distributed as it arrives

From: ~^! RUELAS, ~^!SILVESTER <72265408@inmatemessage.com>
Sent: Saturday, October 14, 2023 4:09 AM
Subject: ***Request to Staff*** RUELAS, SILVESTER, Reg# 72265408, ATW-S-A

To: HEALTH DEPARTMENT
Inmate Work Assignment: UNICOR

I Requested Refills on My Medication and I Have Not Gotten Them, And I am all out. Please Can I get my someone to bring them over To the Camp. Thank You

---------------------------------------------------------------------------------

FROM: 72265408
TO: Health Services
SUBJECT: ***Request to Staff*** RUELAS, SILVESTER, Reg# 72265408, ATW-S-A
DATE: 10/20/2023 01:28:34 PM

To: HEALTH SERVICE
Inmate Work Assignment: UNICOR

MEDICAL HEALTH SERVICE . I WENT AN GOT MY MEDICEN ON 10/18/23 AND WAS CHECKED MY PRESSURE WAS
VERY HIGH AND WAS PUT ON BY MEDICAL STAFF, SO I CAN BE SEEN BY THE DOCTOR ON FRIDAY 10/20/23 AND HE
SAD THAT I WAS GOING TO BE ON A CALL OUT FOR THAT. TO BE SEEN BY A DOCTOR . THE DOCTOR NEVER CAME
AND I STILL HAVE SEVIER PAIN ON MY LEFT SIDE OF MY STOMICH AND CHEST PAIN. CAN I BE SEEN THANK YOU.



Silvester Ruelas
Register # 72265-408
Atwater Federal Prison Camp
P.O. Box 019001
Atwater, CA 95301

RECEIVED

JAN 08 2024

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Clerk of The Court
United States District Court of Arizona
401 W. Washington Street, SPC 1
Suite 130
Phoenix, AZ 85003-2118



9589 0710 5270 1475 7252 20

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE