SM

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　　　　Plaintiff,<br>v.<br>Silvester Ruelas,<br>　　　　　Defendant. | No.　CR-17-00317-001-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant Silvester Ruelas's Renewed Motion to Reduce Sentence (Doc. 337) and Supplement (Doc. 340). The Court will deny the Motion.

**I.　Background**

On September 25, 2018, Defendant Ruelas pleaded guilty to one count of conspiracy to possess with the intent to distribute cocaine, heroin, and methamphetamine, and one count of money laundering. (Doc. 290 at 2.) On February 20, 2019, this Court sentenced Defendant to 240 months in the custody of the Bureau of Prisons ("BOP") with credit for time served, and 60 months on supervised release. (Doc. 192 at 1.) Defendant's projected release date is March 24, 2034. (Doc. 297 at 2; Doc. 277 at 3–4.)

In his Motion, Defendant asserts three grounds for a reduction in sentence: (1) worsened medical conditions, (2) harsh conditions of confinement, and (3) rehabilitation efforts. (Doc. 337 at 2.)

**II.　Legal Standard**

"Ordinarily, a federal court may not modify a term of imprisonment once it has been

imposed." *United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022) (internal quotations omitted) (citing *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021)).  However, 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018 (FSA), "allows certain inmates to seek a form of sentence modification called compassionate release by filing motions to that effect with the district court." *United States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022) (citing *Dillon v. United States*, 560 U.S. 817, 824 (2010)); *see also* FSA, Pub. L. No. 115-391, § 603, 132 Stat. 5194 (Dec. 21, 2018).

When a prisoner moves for compassionate release,

> district courts may reduce his term of imprisonment if four conditions are met: (1) the defendant exhausted administrative remedies; (2) extraordinary and compelling reasons warrant a sentence reduction; (3) a sentence reduction is consistent with applicable policy statements issued by the U.S. Sentencing Commission[1]; and (4) the district court considered the factors set forth in 18 U.S.C. § 3553(a).

*United States v. Chen*, 48 F.4th 1092, 1094-95 (9th Cir. 2022) (internal quotations omitted). However, a court "may deny compassionate release if a defendant fails to satisfy any of these grounds." *Wright*, 46 F.4th at 945.

### III. Exhaustion

The burden rests with Defendant "to provide proof that [he] has met the exhaustion criteria set forth in § 3582(c)(1)(A)." *United States v. Packard*, CR-19-03886-H, 2021 WL 4751173, at *2 (S.D. Cal. Oct. 12, 2021).  Exhaustion under § 3582(c)(1)(A) requires that

---

[1] New sentencing guidelines went into effect on November 1, 2023.  *See* U.S.S.G. § 1B1.13 (last amended Nov. 1, 2023).  The Court refers to the Sentencing Commission's policy statements for guidance.  *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (stating that "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding" regarding the previous policy statements).  The amendments contain six circumstances that may qualify as "extraordinary and compelling." *Id.*  These are: 1) the medical circumstances of the defendant, 2) the age of the defendant, 3) the family circumstances of the defendant, 4) whether the defendant was a victim of abuse while in custody, 5) other reasons that are similar in gravity to 1-4, and 6) an unusually long sentence.  *See* U.S.S.G. § 1B1.13, policy statement (last amended Nov. 1, 2023).

a defendant first request compassionate release from the warden at his or her facility, and that the request be denied or 30 days elapse without a response. *See* 18 U.S.C. § 3582(c)(1)(A).

On October 2, 2023, Defendant submitted a request for sentence reduction to the Warden at the United States Penitentiary in Atwater, California. (Doc. 337 at 18.) Defendant's request was denied on October 17, 2023. (*Id.* at 19.) Accordingly, Defendant has satisfied the exhaustion requirement.

**IV.     Extraordinary and Compelling Reasons/18 U.S.C. § 3553(a) Factors**

Defendant previously sought a reduction in sentence pursuant to § 3582(c)(1)(A) (*see* Doc. 277), and on September 22, 2020, the Court noted that, "[t]he parties . . . agree that, considering the COVID-19 pandemic, Defendant's diagnosis of type two diabetes and obesity constitute an extraordinary and compelling reason warranting release under 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.13." (Doc. 297 at 4.) Nonetheless, the Court determined that:

> Having considered the applicable § 3553(a) factors, the Court finds that converting approximately 16.5 years of a 20-year sentence to home confinement would not "reflect the seriousness of the offense, . . . promote respect for the law, [or] provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A); would not "afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B); and would provide an "unwarranted sentence disparit[y] [as compared to] defendants with similar records who have been found guilty of similar conduct," *id.* § 3553(a)(6).
>
> The drug trafficking organization ("DTO") that Defendant helped lead was well organized and complex. . . . It used the U.S. Postal Service to ship drugs throughout the United States. . . . As the Court noted at sentencing, Defendant's DTO distributed drugs that have devastating effects on the people and communities they reach. . . . Thus, the seriousness of the offense should not be understated.[] While a sentence of 20 years in prison reflects the serious nature of Defendant's crimes, the Court finds that a sentence reduction to 3.5 years in prison, even with home confinement to follow, does not. . . .

> Nor would a 3.5-year term of imprisonment afford adequate deterrence. As the Court noted at sentencing, "if the sentence doesn't fit the crime, then the[re is] temptation for others to get involved in this very lucrative business . . . ."
>
> . . .
>
> Additionally, reducing Defendant's term of imprisonment to 3.5 years would provide unwarranted sentence disparity compared to similarly situated defendants. The Court has already sentenced two of Defendant's co-conspirators to ten-year prison terms. . . . For Defendant to serve significantly less time in prison than his coconspirators when Defendant was a leader of the DTO is unwarranted and inappropriate. . . . A reduction from 20 years in prison to 3.5 years would also create a disparity compared to the sentences imposed for similar crimes under the Sentencing Guidelines.

(*Id.* at 4–6.) Based on these findings, the Court denied Defendant's August 16, 2020 request for a reduction in sentence. (*Id.* at 7.)

For the same reasons, notwithstanding Defendant's medical issues, the Court finds that a reduction in sentence is still unwarranted based on the § 3553(a) factors with respect to Defendant's most recent request for a reduction in sentence. It has only been four years since the Court denied Defendant's prior motion for sentence reduction on the merits,[2] and Defendant has now served just under 7.5 years of his 20-year sentence. Such a significant reduction in Defendant's sentence—by approximately two-thirds—would not reflect the serious nature of his offense. *See United States v. Platt*, No. CR 18-195-WJM, 2020 WL 3839847, at *3 (D. Colo. July 8, 2020) (holding that reducing a 96-month sentence for a drug trafficking crime to 26 months would not "reflect the seriousness of the offense"); *United States v. Rice*, No. CR 12-818-PJH, 2020 WL 3402274, at *3 (N.D. Cal. June 19, 2020) (holding that reducing a 186-month custodial sentence by 68 months would not, among other things, reflect the seriousness of the offense); *see also United States v. Magana-Lopez*, No. CR 11-04200-001-TUC-RCC (JR), 2020 WL 3574604, at *2 (D. Ariz.

---

[2] On June 17, 2022, the Court denied Defendant's second compassionate release motion (Doc. 331) for failure to exhaust. (Doc. 335.)

July 1, 2020) (holding that serving less than half of a 15-year prison sentence would not serve the purposes of sentencing for a drug-related crime).  Further, as discussed in the Court's September 2020 Order, such a drastic reduction in sentence would not afford adequate deterrence, and it would lead to unwarranted sentence disparity compared to similarly situated defendants.  (*See* Doc. 297 at 5.)

Although Defendant's good behavior and rehabilitative efforts during his incarceration are commendable, Defendant's conviction stems from his integral role in leading a DTO in the distribution of large amounts of narcotics.  At this point, a reduction in sentence would not reflect the severity of Defendant's offense, would not promote respect for the law, would not afford adequate deterrence for criminal conduct, would not protect the public from further crimes of the Defendant, and would not provide just punishment for his present offense.  Accordingly, the Court finds that the 18 U.S.C. § 3553(a) sentencing factors do not weigh in favor of a reduction in sentence.

**IT IS ORDERED** that Defendant's Renewed Motion to Reduce Sentence (Doc. 337) is **denied**.

Dated this 8th day of July, 2024.

_____
James A. Teilborg
Senior United States District Judge