ASH

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>v.<br>Silvester Ruelas,<br>Defendant/Movant. | No. CR-17-00317-PHX-JAT-1<br><br>**ORDER** |

Defendant Silvester Ruelas, who is presently incarcerated at the Federal Correctional Institution in Florence, Colorado (FCI-Florence), has filed a "Motion to Reduce Sentence Pursuant to 18 U.S.C. §§ 3582 and 3553(f)" (Doc. 342) and a "Motion for Reduction or Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)" (Doc. 343). The Government has responded in opposition to both Motions (Docs. 348 and 349), and, despite seeking an extension of time do so (Docs. 350 and 351), Defendant has not replied. The Court will deny both Motions.

**I.   Background**

By Superseding Indictment dated November 14, 2017, Defendant and several co-defendants were charged with numerous counts related to running a drug trafficking organization (DTO). (Doc. 62). Defendant was charged with conspiracy to possess with intent to distribute controlled substances (Count One); possession with intent to distribute heroin (Count Two); possession with intent to distribute methamphetamine (Count Three); possession with intent to distribute cocaine (Count Four); money laundering conspiracy

1  (Count Five); concealment money laundering (Count Six); and possession of firearms in
2  furtherance of a drug trafficking crime (Count Seven). (*Id.*). On September 25, 2018,
3  Defendant pleaded guilty to Counts One and Five pursuant to a plea agreement. (Doc.
4  131). On February 22, 2019, Defendant was sentenced to 240 months incarceration on
5  each Count, to be served concurrently. (Doc. 192).

6  On February 18, 2020, Defendant filed a motion pursuant to 28 U.S.C. § 2255,
7  asserting in part that he had been denied the effective assistance of counsel because his
8  counsel had failed to ensure he was "entitled to safety valve relief." (Doc. 268; *see also*
9  *Ruelas v. United States*, CV 20-00372-PHX-JAT (D.Ariz. 2020)). After full briefing and
10 a Report and Recommendation from the assigned Magistrate Judge, the Motion was denied
11 by Order dated April 27, 2021. (Doc. 319; *see also* Doc. 14 in CV 20-00372-PHX-JAT
12 (D. Ariz. Apr. 27, 2021)).

13 Meanwhile, on August 16, 2020, Defendant filed—again through appointed
14 counsel—his first Motion pursuant to § 3582(c)(1)(A). (Doc. 277). After full briefing, the
15 Motion was denied by Order dated September 22, 2020. (Doc. 297). Defendant appealed
16 the denial, but, on June 17, 2021, the Ninth Circuit affirmed. (Doc. 321).

17 On March 1, 2022, Defendant filed a "renewed" Motion pursuant to §
18 3582(c)(1)(A). (Doc. 331). After the Government filed a Notice indicating that Defendant
19 had failed to exhaust his administrative remedies prior to filing his "renewed" motion (Doc.
20 332), Defendant filed a "supplemental" response (Doc. 333) and a reply in support of his
21 "renewed" motion. (Doc. 334). By Order dated June 17, 2022, the Court denied the
22 "renewed" Motion without prejudice for failure to exhaust. (Doc. 335).

23 On January 8, 2024, Defendant filed another "renewed" Motion pursuant to §
24 3582(c)(1)(A), and, subsequently, a "supplement" to his Motion. (Docs. 337, 340). By
25 Order dated July 8, 2024, the Court denied the Motion. (Doc. 341).

26 The instant Motions—his fourth and fifth motions pursuant to § 3582(c)(1)(A)—
27 followed. (Docs. 342, 343). In his first Motion (Doc. 342), Defendant asserts that he is
28 entitled to "safety valve relief" from his mandatory minimum sentences. In his second

Motion (Doc. 343), he asserts that he is entitled to a lower base offense level due to recalculation of the purity of drugs at issue.

**II.    18 U.S.C. § 3582(c)(1)(A)**

"Ordinarily, a federal court may not modify a term of imprisonment once it has been imposed." *United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022) (internal quotations omitted) (citing *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021)). However, 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, "allows certain inmates to seek a form of sentence modification called compassionate release by filing motions to that effect with the district court." *United States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022) (citing *Dillon v. United States*, 560 U.S. 817, 824 (2010)); *see also* FSA, Pub. L. No. 115-391, § 603, 132 Stat. 5194 (Dec. 21, 2018). Section 3582(c)(1)(A) provides:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that [] extraordinary and compelling reasons warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission… .

As such, when a prisoner moves for compassionate release, "district courts may reduce his term of imprisonment if four conditions are met: (1) the defendant exhausted administrative remedies; (2) extraordinary and compelling reasons warrant a sentence reduction; (3) a sentence reduction is consistent with applicable policy statements issued by the U.S. Sentencing Commission; and (4) the district court considered the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Chen*, 48 F.4th 1092, 1094-95 (9th Cir. 2022) (internal quotations omitted). A court "may deny compassionate release if a defendant fails to satisfy any of these grounds." *Wright*, 46 F.4th at 945.

**III.    Discussion**

    **A.    Exhaustion**

The parties agree that Defendant has exhausted his administrative remedies.

    **B.    "Extraordinary and Compelling Reasons"**

"[T]he determination of what constitutes extraordinary and compelling reasons for

sentence reduction lies squarely within the district court's discretion." *Chen*, 48 F.4th at 1095 (citing *Aruda*, 993 F.3d at 801). The only limitation on this discretion is that "rehabilitation alone cannot be extraordinary and compelling," and the determination must be consistent with the applicable policy statements issued by the United States Sentencing Commission (USSC). *Id.* at 1096 (citing 28 U.S.C. § 994(t)) (internal quotation omitted).

The USSC has promulgated policy statements regarding motions for compassionate release. As relevant here, the policy statement to United States Sentencing Guideline (U.S.S.G.) § 1B1.13 provides that extraordinary and compelling reasons for compassionate release exist in six circumstances; namely, certain medical circumstances, age, certain family circumstances, when the defendant is a victim of abuse while incarcerated, when the defendant receives an unusually long sentence, or for any other reasons that are "similar in gravity" to the other five, enumerated circumstances. (*See* U.S.S.G. § 1B1.13(b)). As such, any relief must be consistent with these policy statements. *Chen*, 48 F.4th at 1095-96 (observing that "[a] district court's discretion of course has limitations," and is "bound by applicable statements from the Sentencing Commission") (*citing* 18 U.S.C. § 3582(c)(1)(A)) (internal emphasis omitted).

Defendant's requests for relief appear based on § 1B1.13(b)(5) and (6). Section 1B1.13(b)(6) provides that extraordinary and compelling circumstances exist when:

> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Defendant has not yet served 10 years of his sentence, and thus cannot obtain relief pursuant to this section.

Section § 1B1.13(b)(5) provides that extraordinary and compelling circumstances exist when:

> (5) Other Reasons.--The defendant presents any other circumstance or

>combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

§ 1B1.13(b)(5). Even with regard to this "catch all" provision, however, Defendant has also not demonstrated that extraordinary and compelling reasons exist for a reduction in sentence. Defendant is not entitled to safety-valve relief because he does not satisfy the requirements of 18 U.S.C. § 3553(f). Section 3553(f) requires that a defendant satisfy five requirements before mandatory minimum sentences may be set aside. Namely,

>(1) the defendant does not have—
>
>>(A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
>>(B) a prior 3-point offense, as determined under the sentencing guidelines; and
>>(C) a prior 2-point violent offense, as determined under the sentencing guidelines;
>
>(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
>(3) the offense did not result in death or serious bodily injury to any person;
>
>(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>
>(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

(18 U.S.C. § 3553(f)). Defendant cannot satisfy all of these requirements because he was "an organizer, leader, manager, or supervisor of others in the offense," and he "possess[ed] a firearm or other dangerous weapon [] in connection with the offense." In his Plea Agreement, Defendant admitted that he "recruited" and "directed" other persons as part of the DTO—including where to mail drugs and deposit proceeds—and forfeited numerous weapons seized during a search of his house, including an AK-47 assault rifle, .50 caliber

sniper rifle, and an Uzi submachine gun, all of which were located in his young daughter's bedroom along with a large quantity of drugs. (Doc. 191 at 8, 13-17). Although Defendant objected at sentencing that these weapons were part of a gun collection acquired prior to his participation in the DTO, the Court overruled that objection and imposed a two-level enhancement to Defendant's base offense level. (Doc. 267 at 5:4—6:7). Similarly, although Defendant also objected to a finding that he was a leader of the DTO, the Court overruled that objection at sentencing and imposed a further four-level enhancement to Defendant's base offense level. (*Id.* at 7:18—10:7). As such, Defendant cannot satisfy the "safety valve" requirements, and thus cannot demonstrate that such an extraordinary and compelling reason for a sentence reduction exists.[1]

Defendant's further argument that he is entitled to a lower base offense level due to recalculation of the purity of drugs at issue is similarly misplaced. Defendant argues that

> At the time of [his] sentencing, the United States Sentencing Guidelines treated "actual methamphetamine" far more severely than methamphetamine mixtures due to an outdated assumption that purity is a proxy for a defendant's culpability in the drug trade. However, as both empirical data and judicial opinions have since revealed, methamphetamine purity no longer serves as a reliable indicator of a defendant's role or culpability in methamphetamine distribution. This motion seeks a sentence reduction on the basis that the Guidelines' reliance on methamphetamine purity is no longer reflective of modern realities, and [his] sentence is therefore greater than necessary to serve the purposes of 18 U.S.C. § 3553(a).

(Doc. 343 at 2). Defendant pleaded guilty to conspiring to distribute methamphetamine, cocaine, heroin, and LSD. As such, probation used the drug equivalency calculation to combine the amount of drugs at issue to determine Defendant's base offense level. (Doc. 187 at 13-14). Pursuant to U.S.S.G. § 2D1.1(a)(5) and (c)(2), 1,472.1 gm of cocaine was converted to 294.42 kg; 6,624.8 gm heroin converted to 6,24.8 kg; 3,212.86 gm methamphetamine (actual) converted to 64,257.25 kg; and 10 mg LSD converted to 1.00 kg; for a total of 71,177.47 kg of converted drug weight. (*Id.*). Accordingly, because

---

[1] The Court further notes that it has already rejected the "safety valve" argument when denying Defendant's prior § 2255 motion. (*See* Docs. 13 and 14 in CV 20-00372-PHX-JAT (D.Ariz. 2020)).

Defendant's offense involved at least 30,000 kg but less than 90,000 kg of converted drug weight, his base offense level was 36. U.S.S.G. § 2D1.1(c)(2). To this, two levels were added pursuant to § 2D1.1(b)(1) for possessing a dangerous weapon; two levels were added pursuant to § 2D1.1(b)(7) for distributing a controlled substance through mass-marketing by means of an interactive computer service; two levels were added pursuant to § 2D1.1(b)(12) for maintaining a premises for the purpose of distributing a controlled substance; two levels were added pursuant to § 2S1.1(b)(2)(B) because Defendant was convicted under 18 U.S.C. § 1956 (i.e. Count Five); two levels were added pursuant to § 2S1.1(b)(3) because the offense involved sophisticated money laundering; four levels were added pursuant to § 3B1.1(a) because Defendant was an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive; and three levels were deducted pursuant to § 3E1.1(a) and (b) for acceptance of responsibility; resulting in a total offense level of 47. (*Id.* at 14-15). Pursuant to Chapter 5, Part A (comment 2), because Defendant's total offense level was more than 43—the highest possible offense level—his offense level was treated as 43.

Even if Defendant's converted methamphetamine quantity was treated as a mixture rather than actual—which would result in a converted amount of 6,485.72 kg—Defendant's base offense level still would have been 34 because the total converted drug weight would have been more than 10,000 kg but less than 30,000 kg. U.S.S.G. § 2D1.1(c)(3). Using the Court's other adjustments, the total offense level would have been 45, reduced to 43 pursuant to Chapter 5, Part A—exactly the same as Defendant was originally calculated. As such, Defendant has not shown that there would have been any difference in the sentence he received,[2] and thus has failed to demonstrate that

---

[2] The Court notes that with a total offense level of 43, and a criminal history category of I, Defendant's guideline sentence was life imprisonment. (Doc. 187 at 18). The Court deviated from this recommendation and imposed a term of 240-months imprisonment due to Defendant's age. (Doc. 193 at 3; Doc. 267 at 27:24—28:5) ("I'm satisfied that this is a reasonable sentence. And I recognize that for a man of your age, depending on your life expectancy, it could be argued this is not necessarily much different than a life sentence. However, it seems to me this sentence does offer you hope for that time when you will be eligible for release. And obviously hope is a very important commodity in this world.").

extraordinary and compelling reasons exist for a reduction in sentence.

### C.   18 U.S.C. § 3553(a) Factors

Finally, even assuming *arguendo* that Defendant had sufficiently demonstrated that extraordinary and compelling reasons exist for a reduction in sentence, the Court concludes that a reduction in sentence would not be warranted because the 18 U.S.C. § 3553(a) sentencing factors do not support a reduction in sentence.

Pertinent factors under § 3553(a) include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. 18 U.S.C. § 3553(a)(1), (2). The Court may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities among similarly situated defendants and to provide restitution to victims. 18 U.S.C. § 3553(a)(4), (6)-(7).

As noted, the present motions are Defendant's fourth and fifth motions—in barely eight years of confinement—seeking a reduction of sentence. To date, Defendant has served less than half of his 240-month sentence, which was already below the guideline range of life imprisonment. (*See* n. 2, *supra*). Any further reduction below Defendant's guideline range would not reflect the seriousness of his offense, and, as the Court noted in its July 2024 Order denying his previous § 3582 motion, "would not afford adequate deterrence, and it would lead to unwarranted sentence disparity compared to similarly situated defendants." (Doc. 341 at 5). Accordingly, having considered the § 3553(a) factors, the Court finds that they do not weigh in favor of a reduction in sentence.

. . . .

. . . .

. . . .

. . . .

. . . .

- 8 -

1   **IT IS ORDERED** that Defendant's "Motion to Reduce Sentence Pursuant to 18
2   U.S.C. §§ 3582 and 3553(f)" (Doc. 342) and "Motion for Reduction or Modification of
3   Sentence Pursuant to 18 U.S.C. § 3582(c)" (Doc. 343) are **denied**.
4   Dated this 30th day of June, 2025.

_____
James A. Teilborg
Senior United States District Judge